# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 21, 2012

Lyle W. Cayce
Clerk

No. 12-50055
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EFREN PANTOJA-CARRETERO, also known as Antonio Gonzalez-Ramirez, also known as Efren Pantoja, also known as Francisco Ramirez Vargas,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:11-CR-632-1

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Efren Pantoja-Carretero (Pantoja) pleaded guilty, without the benefit of a plea agreement, to unlawfully reentering the United States after having been deported. He received a 36-month prison sentence, which was more than twice the high end of the guidelines range of 10 to 16 months. Pantoja argues that this sentence is substantively unreasonable, contending that it is greater than necessary to achieve the goals of sentencing. He asserts that the sentence did

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not accurately reflect the seriousness of the offense or his criminal history.  He also contends that his illegal reentry amounted to an "international trespass" and thus was not as serious as the court determined.

We review a sentence for reasonableness under an abuse of discretion standard, taking into account the totality of the circumstances.  *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009).  Where as here, the district court varies upward from the guidelines range, we must determine whether the sentence "unreasonably fails to reflect" the 18 U.S.C. § 3553(a) sentencing factors.  *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).  An above-guidelines sentence is unreasonable if it either "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors."  *United States v. Peltier*, 505 F.3d 389, 392 (5th Cir. 2007) (internal quotation marks and citation omitted). We also consider the extent of the variance from the guidelines range.  *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008).

Pantoja's arguments amount to a request for us to reweigh the sentencing factors, which we will not do.  *See United States v. McElwee*, 646 F.3d 328, 344 (5th Cir. 2011).  Even if a different sentence could also have been appropriate, that is insufficient to warrant reversal.  *United States v. York*, 600 F.3d 347, 361-62 (5th Cir. 2010).  As for his contention that illegal reentry is merely "an international trespass," this court has implicitly rejected the assertion that this characterization of the offense renders a sentence unreasonable.  *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).

Although the sentence imposed by the district court represents a substantial increase from the guidelines range, the district court was in the best position to judge Pantoja and the circumstances of the offense, and the reasons given by the district court sufficiently support the sentence.  *See United States*

No. 12-50055

*v. Williams*, 517 F.3d 801, 812-13 (5th Cir. 2008). The district court engaged in a thorough discussion that made clear that it had carefully examined the record. It tied the reasons for its sentence to specific facts, including Pantoja's extensive criminal history that was not accounted for in the calculation of the guidelines range, his lies to government officials, and his unabated illegal reentries. The court made an individualized assessment and was free to conclude, as it did in Pantoja's case, that the guidelines range gave insufficient weight to some of the sentencing factors, including the seriousness of the offense, Pantoja's history and characteristics, the need to promote respect for the law, the need to protect the public, and the need to deter Pantoja from engaging in future criminal conduct. *See* § 3553(a); *Williams*, 517 F.3d at 809.

AFFIRMED.